IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON,<br><br>      Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and SOUTHWEST CREDIT SYSTEMS, L.P.,<br><br>      Defendants. | Civil Action No. 2:16-cv-01650<br><br>Honorable Stewart Dalzell |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff James E. Shelton and Defendant Experian Information Solutions, Inc. ("Experian"), and Southwest Credit Systems, L.P. ("SWC"), through their respective attorneys of record, as follows:

WHEREAS, plaintiff instituted the above-captioned action against Experian and SWC in the United States District Court for the Eastern District of Pennsylvania (the "Court"), Case No. 2:16-cv-01650, asserting claims for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act (the "Action");

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants, and/or personal income, credit and other confidential information of Plaintiff.

NOW THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

    1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

    2.    Any party or non-party producing or filing documents or other materials in this

action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. In this Order, the Parties use the term "document" in its broadest sense, including without limitation, agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; voice mail; electronic mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs. The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form.

The term "document" includes all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

4. A Receiving Party is a Party that receives materials from a Producing Party.

5. A Producing Party is a Party or non-party that produces materials in this Action.

6. A Designating Party is a Party that designates information or items that it produces or discloses as "Confidential" or "Confidential—Attorneys' Eyes Only."

7. "Confidential Information or Items" shall be limited to those materials that a

Producing Party believes in good faith to be trade secrets or other confidential or proprietary information, including, but not limited to, sensitive business and financial information.

8.  Protected Material shall mean any materials disclosed during the course of discovery, settlement negotiations, or otherwise in connection with the Action, that is designated as "Confidential" or "Confidential—Attorneys' Eyes Only."

9.  If a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

10. Designation in conformity with this Order requires that the Producing Party affix the term "Confidential" or "Confidential—Attorneys' Eyes Only" on the every page of any document that contains Protected Material.  Any deposition testimony must be designated as Confidential in writing by reference to specific page and line numbers within 14 days of receipt of the deposition transcript.

11. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.  Any party filing any document under seal shall follow the Local Rules of Court for filing documents under seal. The Producing Party shall bear all responsibility to justify that any such documents should be sealed from public disclosure or to seek additional protections related to the use of documents at trial or at a hearing.

12. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated

"Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person , including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

13.  Except upon the prior written consent of the Producing Party, upon an order of the Court, or upon the order of a court of competent jurisdiction, the Protected Material which is designated as "Confidential" shall not be produced, shown, disseminated, discussed, or disclosed except to the following persons:

(a)  Counsel of record in the Action, other attorneys at counsel of record's law firm, in-house counsel for the Parties, if any, and any other attorneys engaged in connection with the Action;

(b)  Employees and paralegals for the attorneys identified above in Subparagraph 13(a), who assist counsel in connection with the Action;

(c)  Outside experts and consultants retained by any Party or its counsel in good faith in connection with the Action;

(d)  Current employees or agents of the Party that produced the Protected Material;

(e)  Witnesses, to the extent such disclosure is reasonably necessary to obtain testimony from the witness;

(f)  Stenographic reporters engaged in connection with the Action;Employees of outside copy services used to make copies of Protected Material;

(g)  The Court and its staff, or the judge and staff of another court of competent jurisdiction;

(h)  The Parties.

Before receiving access to any of the Protected Material that is produced or otherwise disclosed by an opposing Party, each person described in Subparagraphs 13(c), above shall be

advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms by signing a Declaration in the form attached as Exhibit A.  If such person does not agree to be bound by this Order, disclosure of Protected Material is prohibited, absent an order of the Court.

14. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys Eyes Only", or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

  (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A;

  (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation  who have signed the "Declaration of Compliance" (Exhibit A);

  (c) the Court and its personnel;

  (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and

  (e) the author of the document or the original source of the information. Insofar as Experian's Administrative Handbook is designated pursuant to this provision, this paragraph does not prevent Plaintiff's counsel from discussing with Plaintiff:  1) the existence of Experian's Administrative Handbook, or 2) Plaintiff's counsel's interpretation of Experian's

Administrative Report for Plaintiff produced in this case based on Plaintiff counsel's review of the Administrative Handbook. However, Plaintiff shall not be provided with copies of Experian's Administrative Handbook, or otherwise provided with its written text or specific descriptions of its contents without the prior written consent of Experian or court order.

15. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 13 and Paragraph 14 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

16. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only".

17. In the event of inadvertent disclosure to a Party of any document that is subject to a legitimate claim that the document should have been marked "Confidential" at the time it was produced, the disclosure of such document shall not affect the right of designating other Protected Material as "Confidential" even though such documents or information may relate to the same transaction or subject matter as the document inadvertently disclosed, provided, however, that re-designation occurs within a reasonable period of time after the error was discovered by the Producing Party.

18. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential— Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with

respect to any issue in this action.

19. A Party may object to the designation of particular Protected Material or the information contained therein as "Confidential" or "Confidential—Attorneys' Eyes Only" by giving written notice to the Producing Party designating such Protected Material. If the status of the Protected Material or information cannot be mutually resolved within ten (10) days after receipt of the notice, it shall be the obligation of the Receiving Party to file an appropriate application requesting that the Court rule that the disputed Protected Material was improperly designated as Protected Material. Disputed Protected Material or information shall remain "Confidential" as designated under the terms of this Agreement unless and until the Court provides a contrary written ruling.

20. Within sixty (60) calendar days after final conclusion of the Action, and any appeals, each Party or its counsel, as applicable, shall destroy or return to the Producing Party or its counsel, as applicable, the Protected Material and all copies of those documents in the possession, custody, or control of the Party, its counsel, his or her clients, and all consulting and testifying experts. Each Party or its counsel, as applicable, shall certify in writing that all such documents and copies thereof have been returned to the producing Party. Notwithstanding the foregoing, any documents that counsel for the Receiving Party believes in good faith to constitute attorney work-product need not be destroyed or returned to the Producing Party, provided, however, that the Receiving Party and its counsel continues to maintain the confidentiality of such documents consistent with the terms of this Stipulated Protective Order.

21. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

22. The terms of this Protective Order may be modified only in writing signed by all Parties, or by counsel on behalf of their respective clients. The Court shall retain to right to modify, amend or annul this Protective Order as appropriate in the interest of justice.

WHEREFORE, the undersigned have executed this Agreement for, on behalf of, and with the express authorization and approval of the Parties.

| FRANCIS & MAILMAN, P.C. | METZ LEWIS BRODMAN MUST O'KEEFE LLC |
|---|---|
| */s/ Gregory Gorski* | */s/ Justin M. Tuskan* |
| Gregory Gorski, Esq.<br>Land Title Building, 19th floor<br>100 South Broad Street<br>Philadelphia, PA 19110<br>Phone: (215) 735-8600<br>ggorski@consumerlawfirm.com | Justin M. Tuskan, Esq.<br>535 Smithfield Street, 8th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 918-1100<br>jtuskan@metzlewis.com |
| ***Counsel for Plaintiff James E. Shelton*** | ***Counsel for Defendant Southwest Credit Systems, LP*** |
| | JONES DAY |
| | */s/ John Paul Putney* |
| | John Paul Putney, Esq.<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Phone: (412) 394-9593<br>jputney@jonesday.com |
| | ***Counsel for Defendant Experian Information Solutions, Inc.*** |

SO ORDERED this _____ day of October, 2016

_____
Dalzell, J.

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

- 2 -

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2016 at _____.

_____
QUALIFIED PERSON

NAI-1502166016v1