**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 1

*Experian's First Set of Requests for Production of Documents*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON,<br><br>      Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; and SOUTHWEST CREDIT SYSTEMS, L.P.,<br><br>      Defendants. | Civil Action No. 2:16-cv-01650 |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Experian Information Solutions, Inc. ("Experian") hereby requests that Plaintiff James E. Shelton respond in writing to the following requests for production of documents, and produce the requested documents for inspection and copying at the offices of Jones Day, 500 Grant Street, Suite 4500, Pittsburgh, PA 15219, within thirty (30) days hereof.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Experian's requests for production:

1.    "Document" is used in the broadest sense contemplated by Federal Rule of Civil Procedure 34, and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; e-mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interview; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs;

charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

2. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

3. The word "Person" means any natural or artificial person, including business entities and other legal entities.

4. "Experian" refers to Defendant Experian Information Solutions, Inc. an Ohio corporation with its principal place of business located in Costa Mesa, California.

5. "You," "Your" and "Plaintiff" refers to Plaintiff James E. Shelton and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

6. "Complaint" refers to the Complaint filed by Plaintiff James E. Shelton in the above-captioned action on or about April 8, 2016.

7. "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

8. "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties as referred to in Plaintiff's Complaint.

9. "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

10. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

11. The use of the word "including" shall be construed to mean "without limitation."

12. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

13. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

14. The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

15. The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Plaintiff or any of his attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

16. In the event Plaintiff asserts any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the document, the balance of the document production should be answered in full. With

respect to any document which is withheld on a claim of privilege, Plaintiff shall provide, at the time responses are due hereunder, a statement setting forth as to each such document the following information:

    a.    the name(s) of the sender(s) of the document;

    b.    the name(s) of the author(s) of the document;

    c.    the name(s) of the Person(s) to whom the document or copies were sent;

    d.    the date of the document;

    e.    a brief description of the nature and subject matter of the document; and

    f.    the nature of the privilege or the authority which is claimed to give rise to it.

17.    If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

    a.    the type of document;

    b.    a description of the nature and contents of the document;

    c.    the identity of the author;

    d.    the circumstances under which it ceased to exist;

    e.    the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

    f.    the identity of all Person(s) who had knowledge of the contents.

18.    Should Plaintiff obtain any other documents or information which would supplement or modify the documents or information supplied by Plaintiff in response to this request, Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely

notice of such documents and information and to furnish the additional documents or information to Experian without delay.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:** All Documents identified in response to Experian's First Set of Interrogatories propounded to Plaintiff, served contemporaneously herewith.

**REQUEST NO. 2:** All statements taken by Plaintiff or on Plaintiff's behalf from any person relating to the claims alleged in the Complaint.

**REQUEST NO. 3:** All Documents relating to any correspondence or communication between Plaintiff and Experian, including any copies of Plaintiff's Credit Disclosure or any disputes communicated to Experian by Plaintiff.

**REQUEST NO. 4:** All Documents relating to any correspondence or communication between Plaintiff and a consumer credit reporting agency other than Experian.

**REQUEST NO. 5:** All Documents relating to Plaintiff's Credit Reports obtained from any source.

**REQUEST NO. 6:** All tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this lawsuit.

**REQUEST NO. 7:** All tangible reports, physical models, compilations of data, and other materials prepared by an expert used for consultation which have been reviewed in whole or in part by an expert who may be called as a witness by Plaintiff for this lawsuit.

**REQUEST NO. 8:** All Documents which refer or relate to each specific violation of the FCRA allegedly committed by Experian which Plaintiff complains of.

**REQUEST NO. 9:**   All Documents which relate to Plaintiff's allegations in Paragraph 7 of the Complaint that alleges "Defendant Southwest was hired to collect a debt relating to a Comcast account debt owed by Plaintiff's father."

**REQUEST NO. 10:**   All files, correspondence, notes, records or other Documents made or kept by Plaintiff (or anyone on Plaintiff's behalf) regarding the subject matter of this action.

**REQUEST NO. 11:**   All of Plaintiff's correspondence, applications, denial letters, credit reports or other Documents mentioning, relating to or referring to Experian or its employees.

**REQUEST NO. 12:**   A true and correct copy of every Social Security card issued to or used by Plaintiff.

**REQUEST NO. 13:**   A true and correct copy of every driver's license issued to or used by Plaintiff.

**REQUEST NO. 14:**   A true and correct copy of every voter registration card issued to or used by Plaintiff.

**REQUEST NO. 15:**   A true and correct copy of every birth certificate issued to Plaintiff or used with respect to documenting Plaintiff's birth.

**REQUEST NO. 16:**   A true and correct copy of every passport issued to or used by Plaintiff.

**REQUEST NO. 17:**   All Documents which evidence, constitute, or refer to automobile titles and/or registration of automobiles in Plaintiff's name at any time.

**REQUEST NO. 18:**   A true and correct copy, front and back, of each credit card or charge card that Plaintiff possesses or has any rights to use, or has used in any manner, during the five years prior to the filing of the Complaint.

**REQUEST NO. 19:** True and correct copies of all statements, invoices or bills received by Plaintiff during the five years prior to the filing of the Complaint from any Person as the result of any credit transaction or any other alleged extension of credit to Plaintiff.

**REQUEST NO. 20:** All mortgages or other real property ownership documentation which Plaintiff has or has had an interest in within the past five years.

**REQUEST NO. 21:** All Documents evidencing lease agreements which Plaintiff has entered into within the last five years.

**REQUEST NO. 22:** Documents sufficient to evidence Plaintiff's total income for each of the past five years, including all sources of this income, and the amount of income derived from each source.

**REQUEST NO. 23:** All federal and state income tax returns and supporting schedules and documentations maintained by Plaintiff or by others on Plaintiffs behalf, which have been filed or prepared to be filed by Plaintiff or on Plaintiff's behalf with respect to the tax years 2013 through 2015.

**REQUEST NO. 24:** All Documents relating to any applications for credit during the two years prior to the filing of the Complaint in this action, including the application, supporting documentation, communications regarding same, denial letters and extension of credit confirmation.

**REQUEST NO. 25:** All Documents which refer or relate to whether Plaintiff's Credit Report or Plaintiff's Credit Disclosure compiled and furnished by Experian included inaccurate information about Plaintiff's credit history.

**REQUEST NO. 26:**  All Documents which refer or relate to whether Experian had a reasonable basis for including in Plaintiff's credit history all of the information that appeared in Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

**REQUEST NO. 27:**  All Documents which refer or relate to whether, at the time Experian furnished Plaintiff's Credit Report to third parties, Experian did not maintain reasonable procedures designed to avoid the inclusion of inaccurate information.

**REQUEST NO. 28:**  All Documents which refer or relate to whether Plaintiff notified Experian that Plaintiff disputed the completeness or accuracy of Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

**REQUEST NO. 29:**  All Documents which refer or relate to the amount of actual monetary loss suffered by Plaintiff as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**REQUEST NO. 30:**  All Documents which refer or relate to whether Plaintiff's reputation was damaged as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

**REQUEST NO. 31:**  All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**REQUEST NO. 32:**  All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

**REQUEST NO. 33:**  All Documents which refer or relate to whether Plaintiff's application for insurance was denied, or that one or more of Plaintiff's insurance policies were

terminated, due to the compilation and furnishing of Plaintiff's Credit Report by Experian.

**REQUEST NO. 34:**  All Documents which refer or relate to whether Plaintiff's application for credit was denied, or that one or more of Plaintiff's credit accounts were decreased or terminated, due to the compilation and furnishing Plaintiff's Credit Report by Experian.

**REQUEST NO. 35:**  All Documents which refer or relate to whether the damages alleged by Plaintiff were caused by Experian's negligence.

**REQUEST NO. 36:**  All Documents which refer or relate to whether the damages alleged by Plaintiff were willfully caused by Experian.

**REQUEST NO. 37:**  All Documents not otherwise requested herein which Plaintiff may introduce into evidence at trial or at any deposition in this matter.

Dated:  September 2, 2016

Respectfully submitted,

*/s/ John Paul Putney*
John Paul Putney, Esq.
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219
Telephone:  (412) 391-3939
Fax:  (412) 394-7959
E-Mail:  jputney@jonesday.com
*Admitted *Pro Hac Vice*

**Counsel for Defendant**
**Experian Information Solutions, Inc.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, I served the foregoing document on the following counsel of record via electronic mail and first class mail:

Mark D. Mailman, Esq.
Gregory J. Gorski, Esq.
FRANCIS & MAILMAN, PC
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Ph. (215) 735-8600
Email:  mmailman@consumerlaw.com
             ggorski@consumerlaw.com

*Counsel for Plaintiff*

Richard J. Perr, Esq.
Monica M. Littman, Esq.
FINEMAN KREKSTEIN & HARRIS, P.C.
Ten Penn Center, Suite 1100
1801 Market Street
Philadelphia, PA  19103
Phone: (215) 893-8719
Email:  rperr@finemanlawfirm.com
             mlittman@finemanlawfirm.com

Justin M. Tuskan, Esq.
Brian T. Must, Esq.
METZ SCHERMER & LEWIS
535 Smithfield Street, 8th Floor
Pittsburgh, PA 15222
Phone: (412) 918-1100
Email:  jtuskan@metzlewis.com
             bmust@metzlewis.com

*Counsel for Defendant Southwest Credit Systems, L.P.*


*/s/ John Paul Putney* _____
**Counsel for Defendant**
**Experian Information Solutions, Inc.**