**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 2

*Experian's First Set of Interrogatories*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON,**<br><br>      **Plaintiff,**<br><br>      **v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., and SOUTHWEST CREDIT SYSTEMS, L.P.,**<br><br>      **Defendants.** | **Civil Action No. 2:16-cv-01650**<br><br>**Honorable Stewart Dalzell** |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian") hereby requests that Plaintiff James E. Shelton respond to the following interrogatories, in writing under oath, within thirty (30) days.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to Experian's interrogatories:

1. "Communication" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording.

2. The word "Person" means any natural or artificial person, including business entities and other legal entities.

3. "Experian" refers to Defendant Experian Information Solutions, Inc. an Ohio corporation with its principal place of business located in Costa Mesa, California and any of its agents or representatives.

4. "You," "Your" and "Plaintiff" refers to Plaintiff James E. Shelton and any agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

5. "Complaint" refers to the Complaint filed by Plaintiff James E. Shelton in the above- captioned action on or about April 8, 2016.

6. "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681-1681u.

7. "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties as referred to in Plaintiff's Complaint.

8. "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

9. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

10. The use of the word "including" shall be construed to mean "without limitation."

11. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

12.     "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising or concerning.

13.     To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial.  The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.

14.     "Identify" or "describe" means the following:

    a.   When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with you, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

    b.   When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es), telephone number, and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

    c.   When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

    d.   When used in connection with documents, "identify" or "describe" means to state the nature of the document (*e.g.*, memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date.  If the document has already been produced, it can be identified by the number given to it at the time of production.  If the document has not been previously produced, then Experian requests that it be produced, pursuant to Fed. R. Civ. P. 34, along with Plaintiff's response to these interrogatories.

    e.   When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (*e.g.*, telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of

persons hearing the oral communication, and a detailed description of the oral communication.

15. In answering these interrogatories, Plaintiff shall furnish all information known or available. If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible.

16. In the event you assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, set forth the legal grounds and facts upon which the objection or privilege is based. If the objection relates to only part of the interrogatory, the balance of the interrogatory should be answered in full.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify Plaintiff, including Plaintiff's full name, any nicknames or other names, including maiden name or aliases, Social Security numbers, and every address Plaintiff has had for the past seven years.

**INTERROGATORY NO. 2:** Describe Plaintiff's work history, including Plaintiff's present occupation and business address during the past five years.

**INTERROGATORY NO. 3:** Identify each Person who assisted in, or supplied information used in, preparing answers to these interrogatories.

**INTERROGATORY NO. 4:** Identify all other lawsuits in which the Plaintiff is or was a party, including for each suit the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, if any, and the amount of damages awarded or the terms of any settlement.

**INTERROGATORY NO. 5:** If Plaintiff has had any contact with any type of credit counseling service or "credit clinic" during the past five years, describe all such contacts, *e.g.*, the date of such contact; whether any agreement was signed by Plaintiff in connection with services provided; the amount of payments Plaintiff made in connection with the provided services, etc.

**INTERROGATORY NO. 6:** Describe any criminal record of Plaintiff; including whether Plaintiff has ever been convicted of a crime or has pleaded guilty or nolo contendere to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

**INTERROGATORY NO. 7:** Identify every application for credit or insurance made on behalf of Plaintiff during the past three years, including whether the application was granted or denied.

**INTERROGATORY NO. 8:** For each denial of credit or insurance during the past three years, describe the denial, *e.g.*, whether oral or written, and the reasons given for the denial, any dispute related to the denial, etc.

**INTERROGATORY NO. 9:** For each application of credit or insurance granted during the past five years, describe the credit or insurance obtained, *e.g.*, the creditor, insurer, account number, repayment terms, etc.

**INTERROGATORY NO. 10:** Describe Plaintiff's total income for each of the past five years, including all sources of this income, and the amount of income derived from each source.

**INTERROGATORY NO. 11:**   Identify all Persons having knowledge of any of the facts, occurrences, and matters set forth in the Complaint (including, but not limited to, any debt owed to Comcast at any time) and describe generally the substance of the knowledge possessed by each such Person.

**INTERROGATORY NO. 12:**   State the basis for the allegations in Paragraph 7 of the Complaint wherein Plaintiff alleges "Defendant Southwest was hired to collect a debt relating to a Comcast account debt owed by Plaintiff's father."

**INTERROGATORY NO. 13:**   State the basis for the allegations in Paragraph 11 of the Complaint wherein Plaintiff alleges "Experian mixed the credit file of Plaintiff and that of his father with respect to the debt."

**INTERROGATORY NO. 14:**   State the basis for Plaintiff's allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated.

**INTERROGATORY NO. 15:**   State the basis for Plaintiff's allegation that Experian's alleged violations of the FCRA were willful.

**INTERROGATORY NO. 16:**   List every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends is inaccurate and/or incomplete; and for each such entry, state with specificity the reasons why the entry is inaccurate and/or incomplete, and identify all documents which support or evidence that the entry is inaccurate and/or incomplete.

**INTERROGATORY NO. 17:**   Describe all notices, whether oral or in writing, made by Plaintiff to Experian in which Plaintiff disputed the accuracy or completeness of Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

**INTERROGATORY NO. 18:**   Identify the specific entries on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends are related to the credit history of a Person other than Plaintiff, and for each entry so identified, identify the Person to whom Plaintiff believes the entry should be attributed.

**INTERROGATORY NO. 19:**   If Plaintiff has any relatives or acquaintances, or knows of anyone other than Plaintiff, who is named or uses the name James Shelton or whose last name is Shelton and the first initial of the first name he or she commonly uses is, "J," identify each such Person, including the Person's relationship to Plaintiff; date of birth; Social Security number; all known residential addresses; whether this Person had an address in common with Plaintiff either concurrently with, before, or since Plaintiff had the address and if so, the dates which Plaintiff and this Person resided at the address; whether Plaintiff has co-signed a loan application with this Person; whether Plaintiff has ever signed a credit card application or otherwise signed his name with this individual on any document relating to the granting of credit, etc.

**INTERROGATORY NO. 20:**   Describe all actual damages suffered by Plaintiff as a result of Experian's alleged actions, including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation Plaintiff alleges entitlement to from the loss, how the

figures used in compensating the value of each item of damage were computed, and all facts which form the basis of Plaintiff's contention that Experian's acts or omissions proximately caused the item of damage.

**INTERROGATORY NO. 21:** Describe all humiliation, embarrassment and mental or emotional distress or similar type injury suffered by Plaintiff as a result of Experian's alleged actions, including all manifestations of such mental states and any medical treatment received as a result thereof.

**INTERROGATORY NO. 22:** Identify all Persons, including, but not limited to, all medical professionals, having knowledge of Plaintiff's humiliation, embarrassment and mental or emotional distress or similar type of injury of which Plaintiff complains.

**INTERROGATORY NO. 23:** Describe any loss of employment opportunities suffered by Plaintiff as a result of Experian's alleged actions.

**INTERROGATORY NO. 24:** For each of Your responses to Experian's Requests for Admission (served concurrently herewith) which is not an unqualified admission, state the basis for your denial of the fact(s) stated in each Request.

**INTERROGATORY NO. 25:** Identify any expert witness you have or intend to consult with on this matter or call at trial.

| | |
|---|---|
| Dated:  September 2, 2016 | Respectfully submitted, |
| | */s/ John Paul Putney* |
| | John Paul Putney, Esq. |
| | JONES DAY |
| | 500 Grant Street, Suite 4500 |
| | Pittsburgh, PA  15219 |
| | Telephone:  (412) 391-3939 |
| | Fax:  (412) 394-7959 |
| | E-Mail:  jputney@jonesday.com |
| | *Admitted *Pro Hac Vice* |
| | |
| | ***Counsel for Defendant*** |
| | ***Experian Information Solutions, Inc.*** |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2016, I served the foregoing document on the following counsel of record via electronic mail and first class mail:

| | |
|---|---|
| Mark D. Mailman, Esq.<br>Gregory J. Gorski, Esq.<br>FRANCIS & MAILMAN, PC<br>Land Title Building, 19th Floor<br>100 South Broad Street<br>Philadelphia, PA 19110<br>Ph. (215) 735-8600<br>Email:  mmailman@consumerlaw.com<br>          ggorski@consumerlaw.com<br><br>*Counsel for Plaintiff* | Richard J. Perr, Esq.<br>Monica M. Littman, Esq.<br>FINEMAN KREKSTEIN & HARRIS, P.C.<br>Ten Penn Center, Suite 1100<br>1801 Market Street<br>Philadelphia, PA  19103<br>Phone: (215) 893-8719<br>Email:  rperr@finemanlawfirm.com<br>             mlittman@finemanlawfirm.com<br><br>Justin M. Tuskan, Esq.<br>Brian T. Must, Esq.<br>METZ SCHERMER & LEWIS<br>535 Smithfield Street, 8th Floor<br>Pittsburgh, PA 15222<br>Phone: (412) 918-1100<br>Email:  jtuskan@metzlewis.com<br>            bmust@metzlewis.com<br><br>*Counsel for Defendant Southwest Credit Systems, L.P.* |

 

                                      */s/ John Paul Putney*
                                      **Counsel for Defendant**
                                      **Experian Information Solutions, Inc.**