**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 3

*Experian's First Set of Requests for Admission*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**JAMES EVERETT SHELTON,**

**Plaintiff,**

v.

**EXPERIAN INFORMATION
SOLUTIONS, INC.; and SOUTHWEST
CREDIT SYSTEMS, L.P.,**

**Defendants.**

**Civil Action No. 2:16-cv-01650**

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Experian Information

Solutions, Inc. ("Experian") hereby requests that Plaintiff James E. Shelton respond in

writing to the following requests for admission within thirty (30) days.

### DEFINITIONS

1.     "Experian" refers to Defendant Experian Information Solutions, Inc.

2.      "You," "Your" and "Plaintiff" refers to Plaintiff James E. Shelton and any

agents, representatives, or other persons acting, or who have acted, on Plaintiff's behalf.

3.     "Complaint" refers to the Complaint filed by Plaintiff James E. Shelton in

the above-captioned action on or about April 8, 2016.

4.     "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15

U.S.C. §§ 1681-1681u.

5.      "Plaintiff's Credit Report" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to third parties as referred to in Plaintiff's Complaint.

6.      "Plaintiff's Credit Disclosure" refers to the report or reports on Plaintiff's credit history compiled by Experian and provided to Plaintiff.

## REQUESTS TO ADMIT

**REQUEST NO. 1:**  Admit that Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Plaintiff.

**REQUEST NO. 2:**  Admit that Plaintiff has no evidence that Experian did not follow reasonable procedures to ensure maximum possible accuracy of the information reported in Plaintiff's Credit Report.

**REQUEST NO. 3:**  Admit that Plaintiff was not damaged as a result of any act or omission on the part of Experian.

**REQUEST NO. 4:**  Admit that Plaintiff has not suffered any out-of-pocket loss as a result of any act or omission on the part of Experian.

**REQUEST NO. 5:**  Admit that Plaintiff was not denied credit as a result of the information Experian reported with respect to Plaintiff.

**REQUEST NO. 6:**  Admit that Plaintiff has not had any credit terms changed based on a consumer report from Experian.

**REQUEST NO. 7:**  Admit that Plaintiff was not denied insurance as a result of the information Experian reported with respect to Plaintiff.

**REQUEST NO. 8:** Admit that Plaintiff was not denied employment as a result of the information Experian reported with respect to Plaintiff.

**REQUEST NO. 9:** Admit that Plaintiff has not been denied leasing based on a consumer report from Experian.

**REQUEST NO. 10:** Admit that the first time Plaintiff contacted Experian to dispute items appearing on Plaintiff's Credit Report or Plaintiff's Credit Disclosure was on or around January 25, 2016.

**REQUEST NO. 11:** Admit that Experian deleted the disputed information appearing Plaintiff's Credit Report on January 25, 2016.

**REQUEST NO. 12:** Admit that Experian has always notified Plaintiff of the results of its reinvestigation of Plaintiff's credit information within thirty days of receipt of each dispute from Plaintiff.

**REQUEST NO. 13:** Admit that no medical professional has examined Plaintiff to treat or diagnose any illness or condition, including any emotional harm, emotional distress, mental anguish, or mental distress, allegedly suffered as a result of Experian's conduct as alleged in the Complaint.

**REQUEST NO. 14:** Admit that Plaintiff has no evidence, other than his own testimony, to support the assertion that Plaintiff has suffered or suffers from emotional harm, emotional distress, mental anguish or any other mental health illness or condition allegedly as a result of Experian's conduct as alleged in the Complaint.

**REQUEST NO. 15:**          Admit that Plaintiff has not suffered any emotional distress,

humiliation or mental anguish as a result of any act or omission on the part of

Experian.


Dated:  September 2, 2016                Respectfully submitted,

                                        */s/ John Paul Putney*
                                        John Paul Putney, Esq.
                                        JONES DAY
                                        500 Grant Street, Suite 4500
                                        Pittsburgh, PA  15219
                                        Telephone:  (412) 391-3939
                                        Fax:  (412) 394-7959
                                        E-Mail:  jputney@jonesday.com
                                        *Admitted *Pro Hac Vice*

                                        ***Counsel for Defendant***
                                        ***Experian Information Solutions, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2016, I served the foregoing document on the following counsel of record via electronic mail and first class mail:

Mark D. Mailman, Esq.
Gregory J. Gorski, Esq.
FRANCIS & MAILMAN, PC
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Ph. (215) 735-8600
Email:  mmailman@consumerlaw.com
        ggorski@consumerlaw.com

*Counsel for Plaintiff*

Richard J. Perr, Esq.
Monica M. Littman, Esq.
FINEMAN KREKSTEIN & HARRIS, P.C
Ten Penn Center, Suite 1100
1801 Market Street
Philadelphia, PA  19103
Phone: (215) 893-8719
Email:  rperr@finemanlawfirm.com
        mlittman@finemanlawfirm.com


Justin M. Tuskan, Esq.
Brian T. Must, Esq.
METZ SCHERMER & LEWIS
535 Smithfield Street, 8th Floor
Pittsburgh, PA 15222
Phone: (412) 918-1100
Email:  jtuskan@metzlewis.com
        bmust@metzlewis.com


*Counsel for Defendant Southwest Credit Systems, L.P.*


*/s/ John Paul Putney*_____
**Counsel for Defendant**
**Experian Information Solutions, Inc.**