**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 4

*Plaintiff's Response to Experian's First Set of Requests for Production of Documents*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EVERETT SHELTON**, | ) <br> ) <br> ) **Civil Action No. 16-1650** <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) <br> ) |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al.** | ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff, by and through his counsel, hereby objects and responds to Defendant's First Request for Production of Documents.

1. All Documents identified in response to Experian's First Set of Interrogatories propounded to Plaintiff, served contemporaneously herewith.

See Plaintiff's responses to Interrogatories.

2. All statements taken by Plaintiff or on Plaintiff's behalf from any person relating to the claims alleged in the Complaint.

None.

3. All Documents relating to any correspondence or communication between Plaintiff and Experian, including any copies of Plaintiff's Credit Disclosure or any disputes communicated to Experian by Plaintiff.

See documents produced with Plaintiff's initial disclosures.

4. All Documents relating to any correspondence or communication between Plaintiff and a consumer credit reporting agency other than Experian.

Not applicable.

5.     All Documents relating to Plaintiff's Credit Reports obtained from any source.

See documents produced with Plaintiff's initial disclosures.

6.     All tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify at the trial of this matter or in a deposition for this lawsuit.

Not applicable.

7.     All tangible reports, physical models, compilations of data, and other materials prepared by an expert used for consultation which have been reviewed in whole or in part by an expert who may be called as a witness by Plaintiff for this lawsuit.

Not applicable.

8.     All Documents which refer or relate to each specific violation of the FCRA allegedly committed by Experian which Plaintiff complains of.

See documents produced with Plaintiff's initial disclosures.

9.     All Documents which relate to Plaintiff's allegations in Paragraph 7 of the Complaint that alleges "Defendant Southwest was hired to collect a debt relating to a Comcast account debt owed by Plaintiff's father."

See documents produced with Plaintiff's initial disclosures.

10.    All files, correspondence, notes, records or other Documents made or kept by Plaintiff (or anyone on Plaintiff's behalf) regarding the subject matter of this action.

None.

11.    All of Plaintiff's correspondence, applications, denial letters, credit reports or other Documents mentioning, relating to or referring to Experian or its employees.

See documents produced with Plaintiff's initial disclosures.

12.    A true and correct copy of every Social Security card issued to or used by Plaintiff.

Plaintiff will produce a copy of his Social Security card.

13.    A true and correct copy of every driver's license issued to or used by Plaintiff.

Plaintiff will produce a copy of his driver's license.

14. A true and correct copy of every voter registration card issued to or used by Plaintiff.

Plaintiff objects to the request on the grounds that the document sought is irrelevant.

15. A true and correct copy of every birth certificate issued to Plaintiff or used with respect to documenting Plaintiff's birth.

Plaintiff objects to the request on the grounds that the document sought is irrelevant.

16. A true and correct copy of every passport issued to or used by Plaintiff.

Plaintiff objects to the request on the grounds that the document sought is irrelevant.

17. All Documents which evidence, constitute, or refer to automobile titles and/or registration of automobiles in Plaintiff's name at any time.

Plaintiff objects to the request to the extent it seeks documents that are irrelevant.

18. A true and correct copy, front and back, of each credit card or charge card that Plaintiff possesses or has any rights to use, or has used in any manner, during the five years prior to the filing of the Complaint.

Plaintiff objects to the request on the grounds that the documents sought that are irrelevant.

19. True and correct copies of all statements, invoices, or bills received by Plaintiff during the five years prior to the filing of the Complaint from any Person as the result of any credit transaction or any other alleged extension of credit to Plaintiff.

Plaintiff objects to the request on the grounds that the documents sought are irrelevant.

20. All mortgages or other real property ownership documentation which Plaintiff has or had an interest in within the past five years.

Plaintiff objects to the request on the grounds that the documents sought are irrelevant.

21. All Documents evidencing lease agreements which Plaintiff has entered into within the last five years.

Plaintiff objects to the request on the grounds that the documents sought are irrelevant.

22. Documents sufficient to evidence Plaintiff's total income for each of the past five years, including all sources of this income, and the amount of income derived from each source.

Plaintiff objects to the request on the grounds that the documents sought are irrelevant.

23. All federal and state income tax returns and supporting schedules and documentations maintained by Plaintiff or by others on Plaintiff's behalf, which have been filed or prepared to be filed by Plaintiff or on Plaintiff's behalf with respect to the tax years 2013 through 2015.

Plaintiff objects to the request on the grounds that the documents sought are irrelevant.

24. All Documents relating to any applications for credit by Plaintiff during the two years prior to the filing of the Complaint in this action, including the application, supporting documentation, communications regarding same, denial letters and extension of credit confirmation.

See documents produced with Plaintiff's initial disclosures.

25. All Documents which refer or relate to whether Plaintiff's Credit Report or Plaintiff's Credit Disclosure compiled and furnished by Experian included inaccurate information about Plaintiff's credit history.

See documents produced with Plaintiff's initial disclosures.

26. All Documents which refer or relate to whether Experian had a reasonable basis for including in Plaintiff's credit history all of the information that appeared in Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

None in Plaintiff's possession.

27. All Documents which refer or relate to whether, at the time Experian furnished Plaintiff's Credit Report to third parties, Experian did not maintain reasonable procedures designed to avoid the inclusion of inaccurate or obsolete information.

See documents produced with Plaintiff's initial disclosures.

28. All Documents which refer or relate to whether Plaintiff notified Experian that Plaintiff disputed the completeness or accuracy of Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

None.

29. All Documents which refer or relate to the amount of actual monetary loss suffered by Plaintiff as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

Plaintiff does not intend to claim out of pocket losses as part of his claim for damages.

30. All Documents which refer or relate to whether Plaintiff's reputation was damaged as a result of the compilation and furnishing of Plaintiffs Credit Report by Experian.

See documents produced with Plaintiff's initial disclosures.

31. All Documents which refer or relate to whether Plaintiff suffered humiliation and/or emotional or mental distress as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

None.

32. All Documents which refer or relate to whether Plaintiff lost employment or employment opportunities as a result of the compilation and furnishing of Plaintiff's Credit Report by Experian.

None.

33. All Documents which refer or relate to whether Plaintiff's application for insurance was denied, or that one or more of Plaintiff's insurance policies were terminated, due to the compilation and furnishing of Plaintiff's Credit Report by Experian.

None.

34. All Documents which refer or relate to whether Plaintiff's application for credit was denied, or that one or more of Plaintiff's credit accounts were decreased or terminated, due to the compilation and furnishing of Plaintiff's Credit Report by Experian.

See documents produced with Plaintiff's initial disclosures.

35. All Documents which refer or relate to whether damages alleged by Plaintiff were caused by Experian's negligence.

See documents produced with Plaintiff's initial disclosures.

36. All Documents which refer or relate to whether the damages alleged by Plaintiff were willfully caused by Experian.

See documents produced with Plaintiff's initial disclosures.

37.     All Documents not otherwise requested herein which Plaintiff may introduce into evidence at trial or at any deposition in this matter.

See documents produced with Plaintiff's initial disclosures.

**FRANCIS & MAILMAN, P.C.**

_____
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

Dated: October 5, 2016