**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 5

*Plaintiff's Response to Experian's First Set of Interrogatories*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES EVERETT SHELTON, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., et al. <br><br> Defendants. | Civil Action No. 16-1650 |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT EXPERIAN INFORMATION SOLUTION, INC.'S FIRST SET OF INTERROGATORIES**

Plaintiff, by and through his counsel Francis & Mailman, P.C., hereby objects and responds to Defendant Experian Information Solutions, Inc.'s First Set of Interrogatories.

1. Identify Plaintiff, including Plaintiff's full name, any nicknames or other names, including maiden names or aliases, Social Security numbers, and every address Plaintiff has had for the past seven years.

   Name: James Everett Shelton

   Social Security Number:

   Current Address:


   Plaintiff has resided at this address his entire life.

2. Describe Plaintiff's work history, including Plaintiff's present occupation and business address during the past five years.

   Plaintiff worked for Arcadis US, Inc. as an assistant from September 2014 through May 2015. He made approximately           annually. Prior to this, Plaintiff worked for the YMCA from March 2015 through April 2015. He made            . Plaintiff also worked seasonally

during the summer for Upper Marion Swim & Tennis Club as a lifeguard from June 2013 through June 2016. He made ⎯⎯⎯⎯⎯ an hour.

      3.      Identify each Person who assisted in, or supplied information used in, preparing answers to these interrogatories.

      Plaintiff answers Interrogatories with assistance of counsel.

      4.      Identify all other lawsuits in which Plaintiff is or was a party, including for each suit the case number, the name of the Court, the style of the case, the subject matter of the case, the amount in controversy, the Court's holding, and the amount of damages awarded or the terms of any settlement.

      Not applicable.

      5.      If Plaintiff has had any contact with any type of credit counseling service or "credit clinic" during the past five years, describe all such contacts, e.g., the date of such contact; whether any agreement was signed by Plaintiff in connection with services provided; the amount of payments Plaintiff made in connection with the provided services, etc.

      Not applicable.

      6.      Describe any criminal record of Plaintiff; including whether Plaintiff has ever been convicted of a crime or has pleaded guilty or nolo contendere to a crime, and if so, the date of each conviction or plea, the name of the court, the crime involved, and the prison or jail, if any, where incarcerated.

      Not applicable.

      7.      Identify every application for credit or insurance made on behalf of Plaintiff during the past five years, including whether the application was granted or denied.

      Not applicable.

      8.      For each denial of credit or insurance during the past five years, describe the denial, e.g., whether oral or written, and the reasons given for the denial, any dispute related to the denial, etc.

      See Plaintiff's response to Interrogatory No. 7.

      9.      For each application of credit or insurance granted during the past five years, describe the credit or insurance obtained, e.g., the creditor, insurer, account number, repayment terms, etc.

See Plaintiff's response to Interrogatory No. 7.

10. Describe Plaintiff's total income for each of the past five years, including all sources of this income, and the amount of income derived from each source.

See Plaintiff's response to Interrogatory No. 2.

11. Identify all Persons having knowledge of any of the facts, occurrences, and matters set forth in Complaint (including, but not limited to, any debt owed to Comcast at any time) and describe generally the substance of the knowledge possessed by each such Person.

See Plaintiff's Initial Disclosures.

12. State the basis for the allegations in Paragraph 7 of the Complaint wherein Plaintiff alleges "Defendant Southwest was hired to collect a debt relating to a Comcast account debt owed by Plaintiff's father."

Southwest has admitted the debt belongs to Plaintiff's father.

13. State the basis for the allegations in Paragraph 11 of the Complaint wherein Plaintiff alleges "Experian mixed the credit file of Plaintiff and that of his father with respect to the debt."

See documents produced with initial disclosures.

14. State the basis for Plaintiff's allegation that Experian violated the FCRA and for each such basis, identify the section of the FCRA that Plaintiff contends Experian violated.

See Plaintiff's Complaint and the documents produced with Plaintiff's Initial Disclosures.

15. State the basis for Plaintiff's allegation that Experian's alleged violations of the FCRA were willful.

The extent to which Experian acted willfully involves information uniquely within Experian's possession custody or control and is outside of Plaintiff's own personal knowledge or experience.

16. List every entry on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contends in inaccurate and/or incomplete; and for each such entry, state with specificity the reasons why the entry in inaccurate and/or incomplete, and identify all documents which support or evidence that the entry in inaccurate and/or incomplete.

Southwest Credit Systems - #56874249XXX. This account does not belong to the Plaintiff. It belongs to his father, James William Shelton.

17. Describe all notices, whether oral or in writing, made by Plaintiff to Experian in which Plaintiff disputed the accuracy or completeness of Plaintiff's Credit Report or Plaintiff's Credit Disclosure.

Plaintiff does not intend to claim that Experian failed to comply with its obligations under FCRA Section 1681i.

18. Identify the specific entries on Plaintiff's Credit Report or Plaintiff's Credit Disclosure which Plaintiff contents are related to the credit history of a Person other than Plaintiff, and for each entry so identified, identify the Person to whom Plaintiff believes the entry should be attributed.

See response to Interrogatory No. 16.

19. If Plaintiff has any relatives or acquaintances, or knows of anyone other than Plaintiff, who is named or uses the name James Shelton or whose last name is Shelton and the first initial of the first name he or she commonly uses is, "J," identify each such Person, including the Person's relationship to Plaintiff; date of birth; Social Security Number; all known residential addresses; whether this Person has ever had an address in common with Plaintiff either concurrently with, before or since Plaintiff had the address and if so, the dates which Plaintiff and this Person resided at the address; whether Plaintiff has co-signed a loan application with this Person; whether Plaintiff has ever signed a credit card application or otherwise signed his name with this individual on any document relating to the granting of credit, etc.

Plaintiff's father, James William Shelton.

20. Describe all actual damages suffered by Plaintiff as a result of Experian's alleged actions, including the nature of each item of damage, the amount of each item of damage, the date each item of damage was incurred, the amount of compensation Plaintiff alleges entitlement to from the loss, how the figures used in compensating the value of each item of damage were computed, and all facts which form the basis of Plaintiff s contention that Experian's acts or omissions proximately caused the item of damage.

Plaintiff seeks the following damages that resulted in whole or in part from Experian's sale of credit reports that contained inaccurate information:

- Statutory damages of $1000;
- Damages for credit defamation, harm to credit reputation and credit score;

4

- Damages for emotional distress. See Plaintiff's response to Interrogatory No. 21;
- Punitive damages; and
- Attorney's fees and costs.

21.  Describe all humiliation, embarrassment and mental or emotional distress or similar type injury suffered by Plaintiff as a result of Experian's alleged actions, including all manifestations of such mental states and any medical treatment received as a result thereof.

Plaintiff states that he suffered from embarrassment, humiliation and other emotional distress as a result of Experian's conduct.  Plaintiff has not sought medical treatment for the emotional distress described.

22.  Identify all Persons, including, but not limited to, all medical professionals, having knowledge of Plaintiff s humiliation, embarrassment and mental or emotional distress or similar type of injury of which Plaintiff complains.

Not applicable.

23.  Describe any loss of employment opportunities suffered by Plaintiff as a result of Experian's alleged actions.

Not applicable.

24.  For each of your responses to Experian's Requests for Admission (served concurrently herewith) which is not an unqualified admission, state the basis for your denial of the fact(s) stated in each Request.

See Plaintiff's responses to Experian's Requests for Admission.

25. Identify any expert witness you have or intend to consult with on this matter or call at trial.

None at this time.

                              **FRANCIS & MAILMAN, P.C.**

GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
(215) 735-8600

Dated: October 5, 2016

6

## VERIFICATION

I, James Everett Shelton, hereby state that I am the plaintiff in this matter, and as such verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief.

The undersigned understands that the statements therein are made subject to the penalties of 28 U.S.C. 1746 relating to unsworn falsification to authorities.

DocuSigned by:
*James E. Shelton*
C436ECAE6E2E425
**JAMES EVERETT SHELTON**

DATE: 10/05/2016