**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 6

***Plaintiff's Response to Experian's First Set of Requests for Admission***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES EVERETT SHELTON** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 16-1650** |
| **v.** | ) | |
| **EXPERIAN INFORMATION SOLUTIONS, INC., et al.** | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT**
**EXPERIAN INFORMATION SOLUTIONS, INC.'S REQUESTS FOR ADMISSION**

Plaintiff, by and through his counsel Francis & Mailman, P.C., hereby responds to Defendant's Requests for Admission.

1. Admit that Experian followed reasonable procedures to ensure maximum possible accuracy of the information Experian reported with respect to Plaintiff.

Denied. Plaintiff refers Defendant to the documents produced in connection with Plaintiff's Initial Disclosures.

2. Admit that Plaintiff has no evidence that Experian did not follow reasonable procedures to ensure maximum possible accuracy of the information reported in Plaintiff's Credit Report.

Denied. Plaintiff refers Defendant to the documents produced in connection with Plaintiff's Initial Disclosures.

3. Admit that Plaintiff was not damaged as a result of any act or omission on the part of Experian.

Denied. See Plaintiff's response to Interrogatory Nos. 21 and 22.

4. Admit that Plaintiff has not suffered any out-of-pocket loss as a result of any act or omission on the part of Experian.

Denied as stated. Plaintiff does not intend to claim any out-of-pocket losses as part of his claim for damages at this time.

5. Admit that Plaintiff was not denied credit as a result of the information Experian reported with respect to Plaintiff.

Denied as stated. Plaintiff does not intend to claim an affirmative credit denial as part of his claim for damages.

6. Admit that Plaintiff has not had any credit terms changed based on a consumer report from Experian.

Admitted.

7. Admit that Plaintiff was not denied insurance as a result of the information Experian report with respect of Plaintiff.

Admitted.

8. Admit that Plaintiff was not denied employment as a result of the information Experian reported with respect to Plaintiff.

Admitted.

9. Admit that Plaintiff has not been denied leasing based on a consumer report from Experian.

Admitted.

10. Admit that the first time Plaintiff contacted Experian to dispute items appearing on Plaintiff's Credit Report or Plaintiff's Credit Disclosure was on or around January 25, 2016.

Admitted in part. Plaintiff recalls disputing the account identified in his interrogatories responses but does not recall the exact date he disputed.

11. Admit that Experian deleted the disputed information appearing Plaintiff's Credit Report on January 25, 2016.

Plaintiff is without sufficient knowledge of when Experian "deleted" the disputed information from his credit report beyond having received investigation results from Experian.

12. Admit that Experian has always notified Plaintiff of the results of its reinvestigation of Plaintiff's credit information within thirty days of receipt of each dispute from Plaintiff.

Denied as stated. Plaintiff has not alleged a claim pursuant to FCRA Section 1681i.

13. Admit that no medical professional has examined Plaintiff to treat or diagnose any illness or condition, including any emotional harm, emotional distress, mental anguish, or mental distress, allegedly suffered as a result of Experian's conduct as alleged in the Complaint.

Admitted.

14. Admit that Plaintiff has no evidence, other than his own testimony, to support the assertion that Plaintiff has suffered or suffers from emotional harm, emotional distress, mental anguish or any other mental health illness or condition allegedly as a result of Experian's conduct as alleged in the Complaint.

Denied. See witnesses identified with Plaintiff's initial disclosures.

15. Admit that Plaintiff has not suffered any emotional distress, humiliation or mental anguish as a result of any act or omission on the part of Experian.

Denied. See Plaintiff's response to Interrogatory No. 22.

**FRANCIS & MAILMAN, P.C.**

________________________
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: October 5, 2016