**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 8

*November 21, 2016 Letter from J. Putney to G. Gorski regarding plaintiff's
deficient discovery responses*

# JONES DAY

500 GRANT STREET, SUITE 4500 • PITTSBURGH, PENNSYLVANIA 15219.2514

TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number: 412-394-9593
JPUTNEY@JONESDAY.COM

017786
Our Ref.: 026123-053156

November 21, 2016

VIA FIRST CLASS MAIL AND EMAIL

Gregory J. Gorski, Esq.
FRANCIS & MAILMAN, PC
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

Re: Shelton v. Experian Information Solutions, Inc., et al., Case No. 2:16-cv-1650 (EDPA)

Dear Greg—

I write regarding plaintiff's deficient responses to Experian's discovery requests, including the first set of interrogatories (ROGs), first set of requests for production of documents (RFPs), and the first set of requests for admission (RFAs) (collectively, "Experian's Requests").

Your client's sworn testimony in his deposition on Friday revealed a disconcerting lack of effort to meaningfully respond to any of Experian's Requests. Your client admitted he had made no search whatsoever for any documents and, in fact, only became aware that Experian had requested documents at the time of the deposition, nearly three months after Experian made those requests and—even more troubling—a month and a half after he responded to them through his attorney.

Moreover, based on some simple questions it became apparent that your client has several documents that are responsive to Experian's requests, including correspondence through text messages, email and Facebook with family, friends, and acquaintances regarding the subject matter of this lawsuit. Plaintiff also acknowledged communications with Trans Union regarding the allegedly inaccurate information at issue here. Plaintiff even acknowledged authoring online postings regarding this lawsuit. Plaintiff's testimony in his deposition—when compared to his answers to Experian's Requests of "None" (see Plaintiff's response to RPD No. 10) or "Not Applicable" (see Plaintiff's response to RPD 4)—presents a stark and troubling contrast.

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Mark Mailman
November 21, 2016
Page 2

      The problem does not end there, however.  The responses you drafted on behalf of your client indicated that he would produce two documents—his social security card and his driver's license—neither of which has been produced to date.  As your client testified in his deposition, however, he was never asked to provide counsel with a copy of either and, indeed, would not have agreed to do so with respect to his social security card because he does not have a copy.

      In addition, your client admitted to reviewing the interrogatories responses for less than a couple minutes before clicking a docusign button to "verify" his responses and further testified that various responses were not accurate.  I understood this to mean that, notwithstanding clicking the docusign button, plaintiff did not and still does not believe the answers are true or accurate.

      In light of your clients testimony and the obvious issues it revealed, I requested that plaintiff take a second look at Experian's Requests and supplement plaintiff's responses after undertaking a good faith effort to actually search for responsive materials and meaningfully respond.  My intent was to offer you a chance to work through the issues without the need for the court to intervene.  Rather than take me up on the offer, your response was to require formal correspondence laying out the deficiencies, purportedly as a prerequisite to engaging with the issue.  I am not familiar with any such requirement, and even if it exists, it does not excuse a lack of effort to respond to Experian's Request.

      Please provide me plaintiff's revised responses and accompanying documents before the close of business on Monday, November 28, 2016.  Otherwise Experian will seek the court's assistance in compelling plaintiff's responses and all other appropriate relief.  If you need an extra day in light of the impending Thanksgiving holiday, please let me know.

      Please let me know if you have any questions.

                                              Very truly yours,

                                              John Paul Putney

JPP/law
cc:    Justin M. Tuskan, Esq.