**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND PAY COSTS**

# EXHIBIT 9

*November 30, 2016 Letter from J. Putney to G. Gorski regarding plaintiff's
failure to remedy deficiencient discovery responses*

# JONES DAY

500 GRANT STREET • SUITE 4500 • PITTSBURGH, PENNSYLVANIA 15219.2514
TELEPHONE: +1.412.391.3939 • FACSIMILE: +1.412.394.7959

Direct Number: 412-394-9593
jputney@jonesday.com

017786                                     November 30, 2016
026123-053156

BY FIRST CLASS MAIL AND EMAIL

Gregory J. Gorski, Esq.
FRANCIS & MAILMAN, PC
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110

Re:   Shelton v. Experian Information Solutions, Inc., et al., Case No. 16-cv-1650 (EDPA)

Dear Greg:

I am writing to follow up on my November 21, 2016 letter regarding plaintiff's failure to respond to Experian's discovery requests, including the troubling fact that your client made no effort to search for responsive documents and first learned that Experian had asked for documents on the morning of his deposition. In light of your client's subsequent testimony that he did in fact have documents responsive to Experian's requests, and the upcoming deadlines in this case including the Settlement Conference Scheduled for December 5th, I asked you to provide me plaintiff's revised responses to Experian's discovery requests, including the accompanying documents, before close of business on Monday, November 28, 2016. Even though plaintiff should have produced these documents months ago, I offered to wait an additional day in light of the Thanksgiving holiday.

We subsequently spoke by phone on November 22, 2016, and you agreed that as an initial matter plaintiff would produce additional responsive documents, including Facebook messages, text messages, other online postings, as well as revised responses to interrogatories numbers 7, 8, and 9, which plaintiff admitted on the record were not accurate. You did not object to making this supplemental production by November 28th. Nor did you request additional time.

As of today, however, I have not received a supplemental production, nor any revised interrogatory responses on behalf of plaintiff. Neither have you indicated that you need more time to comply. In fact, I have received no indication that you intend to honor your agreement or a timeframe to do so. With the settlement conference only five days away (including the weekend), I can only conclude that this situation calls for the court's assistance. Please be aware that, absent immediate compliance, Experian will likely seek costs related to plaintiff's discovery conduct which falls seriously below the requirements of the Rules of Federal Procedure. The

**JONES DAY**

Gregory Gorski, Esq.
November 30, 2016
Page 2

documents prejudiced Experian's ability to depose your client and may possibly waste time and resources at the settlement conference as well. In addition, plaintiff testified that some of these communications were with his father, who is scheduled to be deposed in this matter on December 15th.

    Please let me know as soon as possible when plaintiff will provide the supplemental production and revised responses as agreed.

Very truly yours,

John Paul Putney

cc:    Mark Mailman, Esq. (via email only)
       Mohammad Ghiassudin, Esq. (via email only)
       Justin Tuskan, Esq. (via email only)